BENNINGTON,
*February,*
1834.
————————

## LEONARD LOVE *vs.* TRUMAN ESTES et al..

No suit can be maintained upon a recognizance for an appeal taken upon a judgment rendered by a justice of the peace, which was not carried up by the appellant, nor entered and affirmed by the appellee.

The omission to enter by either party will operate as a discontinuance.

When a magistrate renders a judgment for less than $10 in a suit on a recognizance for $60, and the *ad damnum* is over $10, the cause is appealable.

  This was an action of debt upon a recognizance taken by a justice of the peace for the prosecution of an appeal from a judgment rendered by him in favor of the said Leonard Love, appellee, against the said Truman Estes, appellant, on the 28th day of April, 1832, for a sum less than ten dollars.

  Estes never prosecuted his appeal to effect at the county court to which the appeal was taken, having wholly neglected to enter it. Neither did Love procure an affirmance of the judgment rendered by the justice. Estes never paid the judgment, or tendered a confession thereon. It was admitted, that some time subsequent to the session of the county court, to which the appeal was taken, and before the commencement of this suit, Estes tendered to H. Kellogg, the present attorney of Love, the sum of fifty cents, as intervening damages, which was received by said Kellogg as agent and attorney for Love.—— From the above facts, the court decided, that the plaintiff could not recover, and rendered judgment for the defendants; to which decision the plaintiff excepted. Whereupon, the cause was passed to this court for further adjudication.

BENNINGTON,
February,
1834.

Love
vs.
Estes et al.

*H. Kellogg for plaintiff.*—1. ·The appeal ought to be dismissed—it not being an appealable case. The judgment could not be for more than the original judgment and the interest, as intervening damages, which from the declaration, it is apparent must be less than ten dollars.—Bray. Rep. 148, and the stat utes restricting appeals.

2. If the appeal is not dismissed, the judgment of the county court must·be reversed : because it was not necessary for the appellee to procure an affirmance of the judgment to entitle him to an action on the recognizance. Whenever the appellant neglected to enter and prosecute his appeal, there was a forfeiture of the recognizance : and the appellee may rely upon the recognizance, or he may also enter copies and have his judgment affirmed, with additional damages and costs—the statute giving this as additional to the remedy by suit on the recognizance.—See Stat. 60, 125.—1 Aik. 296—2 do. 78.

In the·recognizance for the appeal, there are three conditions :—1st, that the appellant shall prosecute his appeal to effect—2d, that he shall answer and pay all entering damages to the appellee, occasioned by the delay—and 3d, that he shall pay additional costs in case of the affirmance of the judgment ; but if the appellee neglects to affirm the judgment, there is no additional costs ; but the recognizance is holden for the damages sustained by the appellee by the appellant's neglecting to prosecute his appeal. What are these damages ? The amount of the bill of cost in the judgment appealed from and interest on the judgment from the time that the appellee was delayed pursuing the original cause of action by the appeal.

Statute p. 145, authorizing tender to be made twelve days before the session of the court appealed to, seems to decide that the appellee may either have judgment affirmed, or prosecute the recognizance.

*S. H. Blackmer for defendant.*—It is contended by the defendant, that the judgment of the county court in the above case ought to be affirmed, because—

1st, By the appeal before the justice, the judgment there rendered was vacated and ceased to·have any force. No execution could issue upon it until affirmed ; and the parties, when they should come into the county court, would be entitled to a trial upon the merits, the same as if there had been no trial be-

fore the justice. And a new judgment is obtained in the appellate court, if the appeal is prosecuted.—2 D. Chip. Rep. 83, *Bates* vs. *Kimball.*—2 Vt. Rep. 521, *Loveland* vs. *Benton et al.*—5 Mass. Rep. 376, *Campbell* vs. *Howard.*

2d, If the appellee, on the neglect of the appellant to prosecute his appeal, does not procure an affirmance of the judgment, he has lost the benefit of his judgment forever, and must resort to a new suit for his remedy.—2 D. Chip. Rep. 83, *Bates* vs. *Kimball.*

3d, If an appeal be irregularly taken, it has no operation on the judgment, and an execution may issue the same as it would if no appeal had been taken.—2 Vt. Rep. 521, *Loveland* vs. *Benton et al.*—5 Mass. Rep. 376, *Campbell* vs. *Howard.*—13 Mass. Rep. 265, *Keen* vs. *Turner*, Ex'r.

4th, As to the amount of the intervening damages, that is a question of fact which has been decided by the court, and is conclusive, as no exception was taken to the testimony on that point.

The opinion of the court was pronounced by

MATTOCKS, J.—The main question presented in this case stated is, whether a suit can be maintained on a recognizance to prosecute an appeal from a justice, when the appellant does not enter the appeal, nor has the appellee entered and affirmed the judgment in the county court, according to the statute. In Massachusetts it is held, in such a case, that the omission to enter by either party, operates a discontinuance; and in *Bates* vs. *Kimball*, 2 D. Chip. Rep. 83, although this question was not before the court, the judge, in giving the opinion of the court, to illustrate the case in hand, says, if the appellee do not, on the neglect of the appellant to prosecute, enter his appeal, and procure an affirmance by the court to which the appeal was taken, he has lost the benefit of his judgment forever, and must resort to a new suit for his remedy. This was but a dropping of the judge, and of course no authority: Yet it has some bearing as showing the current supposition of the court upon this point, as legal analogies are seldom attempted to be drawn from cases known to be doubtful.

The condition of the recognizance, as prescribed by statute, is, "That he, she or they, shall prosecute the same to effect; and answer and pay all intervening damages occasioned to the

BENNINGTON,
*February*,
1834.

Love
*vs.*
Estes et al.

appellee by his, her or they being delayed, with additional cost in case judgment be affirmed." And the 4th and 5th sections of the judiciary act provide that in case the appellant does not enter and prosecute his appeal, the appellee may produce copies and affirm the judgment. As it is a general principle of the common law, that debt or *scire facias* lies upon a recognizance whenever it has become forfeit; and the statute having provided a specific remedy in this case, the question is whether this remedy or this preliminary to a suit on the recognizance is exclusive of any other, or only concurrent with a general right of suing when the condition is broken. And in putting a construction upon these statutes, we are not tied up by any technical rules of common law, as the English bonds of recognizance, in their terms and conditions, vary from ours; but we are at liberty to interpret them according to their general scope, and apply the remedy in such form as shall be deemed most favorable for the purposes of justice; and with this view, it is proper to enquire, whether the remedy sought can be effectual and important, if a suit can be maintained without an affirmance. It is obvious no "additional cost" can be recovered, for there is none—no "intervening damages" occasioned by the loss of the debt; for as the appeal vacates the judgment, there is no liquidated or fixed debt; and therefore, for this purpose, no debt or damages, as that is still an issuable point in an after action; and to give interest for the delay of a supposed debt, would be an anomaly in the law, as it may turn out, there is no debt. And besides, in cases where the defendant recovers his cost, and the plaintiff appeals, in favor of the defendant there is no judgment for debt or damages.

So, the question seems to be narrowed down to the cost before the justice; and this, if recoverable, must be as intervening damages. If the judgment had been affirmed, the cost below, like the debt, would be recovered on the recognizance only, upon the plaintiff's showing the appellant to have been good at the time of the appeal, and bad at the time of the final judgment; and therefore it is only in case of the insufficiency of the principal that the bail is holden at all for "the additional cost." And if without affirmance the bail is holden for the cost below unconditionally, then by not affirming, the appellee gains an additional benefit, which, in cases where the debtor was always bad, is something; and there seems some incon-

gruity in saying that the judgment appealed from and not carried up by either side, which in all cases becomes a nullity as to the debt or damages; yet should as to cost be so far valid, as to form a rule of damages : this would nearly make the judgment itself valid, where that was rendered only for cost. The remedy by affirmation is sufficiently adequate without this additional mode, which can in no event go beyond the trifling object of the cost below. It seems therefore, upon the whole, to be the most judicious course to consider the affirmation of the judgment a prerequisite to a suit on the recognizance.— Not altogether unlike its being extracted or taken out from among the records, after it has become forfeit and sent up to the Exchequer Chamber, which is a necessary preliminary in the English courts, before a suit can be commenced. And when the appellee omits to obtain such affirmation, the suit may be regarded as discontinued. It has been urged that the provision in the justice act No. 2, to prevent unnecessary law-suits, which provides that a party twelve days before court may tender the amount of the judgment, and that on application to affirm, or prosecution of the recognizance, he may plead such tender in bar, shows that the legislature supposed a suit could be maintained on the recognizance without an affirmation. There is some weight in this argument. This would seem to have been the opinion of him who drew the act, and it may be inferred, also, of those who passed it. Yet the phraseology might have been used from great caution, meaning to make the tender good in all events, and certainly is not very conclusive upon a moot point of construction.

According to the view we have taken of the case, the tender of the fifty cents by the defendant was a work of supererrogation.

It has been objected, that this court have no jurisdiction of the case, as the judgment below was less than $10. There is no ground for this objection, as the debt was $60, the amount of the recognizance, and so was the *ad damnum*; and although by chancering the bond of recognizance to the supposed sum the plaintiff was entitled to recover, made the damages less than $10, yet in analogy with all the decisions, " the debt or matter in demand" was over ten dollars, and therefore the case was appealable.

Judgment of the county court affirmed.